# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **DARREL GRANT LeDEE** | **CIVIL ACTION NO. 07-1190** |
| **VS.** | **SECTION P** |
| **WARDEN, WINN CORRECTIONS CENTER** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE METHVIN** |

### *REQUEST FOR DOCUMENTS*

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on July 17, 2007 by *pro se* petitioner Darrel Grant LeDee. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Correctional Center, where he is serving concurrent twenty-year sentences imposed following his 2004 conviction on two counts of armed robbery in the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the court.

### *Background*

On December 18, 2001 petitioner was charged via Bill of Information with two counts of armed robbery and two counts of aggravated battery. [Exhibit A, doc. 1-4, p. 5] On July 18, 2002 petitioner's court-appointed counsel filed a motion to suppress petitioner's confession. [Exhibit C, doc. 1-4, p. 3] The motion was denied following a hearing on February 27, 2003. [doc. 1-4, pp. 16-34; doc. 1-5, pp 1-33] On April 26, 2004, pursuant to a plea agreement, petitioner pled guilty to two counts of armed robbery and the aggravated kidnaping charges were dismissed. Petitioner was sentenced to concurrent 20 year sentences on the armed robbery

2

charges, all in accordance with the agreement. As an additional component of the plea agreement, petitioner was permitted to appeal the denial of his motion to suppress. [Exhibit C, doc. 1-4, p. 3]

On April 27, 2004 petitioner moved for an appeal and appellate counsel was appointed. [Exhibit C, doc. 1-4, p. 3] On April 6, 2005, petitioner's conviction was affirmed in a published opinion of the Third Circuit Court of Appeals. With regard to assignments of error asserted in briefs filed by counsel and by petitioner *pro se*, the court held:

> Defendant signed a waiver of rights form and confessed to police. In argument to this court, the Defendant alleges he requested an attorney and that police made promises regarding his sentence. In his pro se brief, the Defendant argues that he would not have given the statement if he was not influenced and persuaded by Detective Ortego; therefore, the statement was obtained by psychological coercion. Defendant also contends that because the detectives did not go to the District Attorney's Office and use their influence to procure a light sentence for him, he was denied a fair trial. Additionally, Defendant alleges his statement was not voluntary and was given under duress when detectives intentionally misrepresented facts or lied in order to scare him. Lastly, Defendant alleges he was told by detectives that he was visible on a videotape from a bank.
>
> Upon a review of the record, we find Defendant's testimony conflicts with that of both Chief Gibson and Detective Ortego. Both officers testified Defendant did not mention an attorney. Additionally, Chief Gibson testified Defendant mentioned a reduced sentence during the interview; however, Chief Gibson did not promise that he would go to the District Attorney's Office on behalf of Defendant. Based on the conflicting testimony of the officers and the Defendant, we find the trial court made a credibility determination and chose to believe the testimony of the officers. We cannot say the trial court's ruling was unsupported by the evidence. Additionally, there is no evidence in the record to support the Defendant's assertion that Detective Ortego used psychological intimidation to influence him to give a statement. Defendant was not denied the right to a fair trial; he voluntarily entered a plea of guilty in this matter. Accordingly, these assignments lack merit.
>
> In his fifth pro se assignment of error, Defendant contends the lower court violated the rules of this court and his rights by not handing over transcripts. The

3

>Defendant alleges that the District Attorney and/or the trial court never filed the transcript of the motion to suppress hearing with this court.

>We find any error regarding the filing of the transcript of the motion to suppress hearing is moot because the transcript was available to Defendant's attorney prior to briefing and this court at the time Defendant's appeal was reviewed. *State of Louisiana v. Darrel G. LeDee*, 2004-1128 (La. App. 3 Cir. 4/6/2005), 900 So.2d 246, 251-52, rehearing denied, 5/18/2005.

On some unspecified date petitioner filed a writ application in the Louisiana Supreme Court. On February 17, 2006 his writ application was denied. *State of Louisiana v. Darrel Grant LeDee*, 2005-1966 (La. 2/17/2006), 924 So.2d 1011. Petitioner did not seek further direct review in the United States Supreme Court. [doc. 1-1, paragraph 9(h)]

On some unspecified date petitioner filed an Application for Post Conviction Relief in the Fifteenth Judicial District Court. Petitioner argued the following claims (1) ineffective assistance of counsel based on counsel's failure to conduct an adequate pre-trial investigation and file proper motions; (2) plea bargain was induced with an unlawful bill of information and false pretext; (3) the limitations on commencement of trial had expired when petitioner entered his plea of guilty; (4) double jeopardy; and, (5) improper joinder of offenses in the Bill of Information. On November 4, 2005 petitioner's application for post-conviction relief was denied and written reasons of judgment were provided. [Exhibit D, doc. 1-4, pp. 6-11]

On some unspecified date petitioner filed a writ application in the Third Circuit Court of Appeals; on some unspecified date his writ application was denied. On some unspecified date he filed a writ application in the Louisiana Supreme Court. On March 30, 2007 his writ application was denied. *State of Louisiana ex rel. Darrell Grant LeDee v. State of Louisiana*, 2006-1568, 953 So.2d 63.

4

Petitioner filed his federal petition for *habeas corpus* on July 17, 2007 arguing the following claims for relief: (1) ineffective assistance of counsel; (2) coerced and induced plea; (3) time limitations on commencement of trial had expired; (4) double jeopardy violation; (5) improper joinder of offenses; and, (6) denial of motion to suppress. [docs. 1-1 and 1-3]

## *Law and Analysis*

Before reaching the merits of a *habeas* claim, the court conducts a preliminary review of the pleadings and exhibits in order to determine whether or not the petitioner has exhausted all available state remedies prior to filing his petition in federal court;[1] whether or not the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1);[2] and/or whether or not any or all of the claims raised are subject to the procedural default doctrine.[3]

---

[1] *Habeas* petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). See also, 28 U.S.C. § 2254(b)(1)(A) and (B) – "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."

[2] "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."

\*   \*   \*

The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection."

[3] The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.* Furthermore, the doctrine presumes that a state court's express

5

Petitioner provided some but not all of the information needed to complete an initial review. Accordingly, on August 29, 2007 he was directed to provide the documents needed to complete initial review. [doc. 4] On September 26, 2007 petitioner responded to the order and stated that he was no longer in possession of the documents in question. [doc. 5]

Service of process has not yet been ordered as this matter remains on initial review. In order to facilitate the completion of initial review, additional information is needed. Therefore,

The Clerk of Court is hereby ordered to mail a copy of this **REQUEST FOR DOCUMENTS** to the Respondent, District Attorney, Fifteenth Judicial District Court, Lafayette Parish.

**The Respondent, District Attorney, Fifteenth Judicial District Court, Lafayette Parish, is hereby REQUESTED to provide the following documents within thirty days of this Request:**

1. A copy of the plea agreement entered into between petitioner and the State of Louisiana on April 26, 2004;

2. **Dated** copies of petitioner's counseled and *pro se* briefs on direct appeal and a dated copy of petitioner's request for re-hearing in the Third Circuit on direct review; respondent should also provide copies of the Third Circuit's Notices of Judgment on April 6, 2005 and May 18, 2005;

---

reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996).

6

3. A **dated** copy of petitioner's writ application filed in the Louisiana Supreme Court on direct review in the matter entitled, *State of Louisiana v. Darrel Grant LeDee*, 2005-1966 (La. 2/17/2006), 924 So.2d 1011;

4. A **dated** copy of petitioner's application for post-conviction relief filed in the Fifteenth Judicial District Court;

5. A **dated** copy of petitioner's writ application filed in the Third Circuit Court of Appeals under Docket Number KH 05-01516 and a copy of the unpublished judgment of the Court of Appeals denying writs, along with a copy of the Third Circuit's Notice of Judgment;

6. A **dated** copy of petitioner's writ application filed in the Louisiana Supreme Court in the matter entitled *State of Louisiana ex rel. Darrell Grant LeDee v. State of Louisiana*, 2006-1568, 953 So.2d 63.

Petitioner and respondent are reminded that this matter remains on initial review; upon receipt of the requested documents, initial review will be completed and further orders may issue as circumstances dictate.

Signed at Lafayette, Louisiana, on October 12, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)